# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| ADAM KAMRAN,<br>1348 Red Hawk Cir.<br>Reston, Virginia 20191<br><br>    Plaintiff,<br><br>    v.<br><br>SURE SECURE SOLUTIONS, LLC<br>1984 Isaac Newton Square West, Suite 202<br>Reston, Virginia 20190<br><br>    and<br><br>NARJIS B. ALI<br>12356 Lima Lane<br>Reston, Virginia 20191<br><br>    and<br><br>MOHSIN HUSSAIN<br>324 Blue Oak Ln.<br>Los Altos Hills, California 94022<br><br>    Defendants. | Case No. 1:20-cv-01494 |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, the above-captioned action, which was filed in the Circuit Court of Fairfax County, Virginia, is hereby removed by Defendants Sure Secure Solutions, LLC (hereinafter, "Sure Secure"), Narjis B. Ali, and Mohsin Hussain (collectively, the "defendants"), to the United States District Court for the Eastern District of Virginia. As grounds for removal, the defendants state as follows:

**BACKGROUND**

1. Plaintiff Adam Kamran ("Kamran") commenced this action on June 9, 2020 in the Circuit Court of Fairfax County, Virginia, said case styled <u>Kamran v. Sure Secure Solutions, LLC, et al.</u>, Case No. CL 2020-07779 (the "State Action").

2. The Complaint contained claims of breach of contract (Count I), breach of contract (Count II), and statutory conspiracy (Count III) and sought $1,056,817.71 in compensatory damages against the defendants.

3. The defendants timely filed a Motion to Dismiss and Demurrer on June 25, 2020.

4. Kamran subsequently sought to amend his Complaint.

5. The Fairfax County Circuit Court accepted Kamran's amended Complaint (the "Amended Complaint") as filed on November 13, 2020. A copy of the Amended Complaint (which is entitled "Complaint," but is actually the amended Complaint) is attached hereto as **Exhibit A**.[1]

6. The Amended Complaint contains claims of breach of contract (Count I), breach of contract (Count II), statutory conspiracy (Count III), breach of Code of Virginia § 40.1-29 (Count IV), and Retaliation in Violation of 31 U.S.C. § 3730(H) (Count V), and seeks at least $468,459.60 in compensatory damages against the defendants, as well as other forms of relief.

7. Defendants' response to the Amended Complaint is due on or before December 4, 2020. The Amended Complaint contains a jury demand.

8. Sure Secure, on June 25, 2020, filed counterclaims against Kamran. A copy of the Counterclaims is attached hereto as **Exhibit D**.

---

[1] Insofar as Sure Secure is, pursuant to 28 U.S.C. § 1446(a), required to produce a copy of the Complaint, which is no longer the operative pleading in this case, a copy of the Complaint is attached hereto as **Exhibit B**. A redline provided by Kamran's counsel showing changes between the Complaint and Amended Complaint is attached hereto as **Exhibit C**.

9. The Counterclaims contains claims of computer trespass in breach of the Virginia Computer Crimes Act (Count I), a distinct breach of the Virginia Computer Crimes Act (Count II), a third breach of the Virginia Computer Crimes Act (Count III), violation of the federal Computer Fraud and Abuse Act (Count IV), violation of the Stored Communications Act (Count V), breach of contract (Count VI), breach of contract (Count VII), and detinue (Count VIII).[2]

10. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because it has been filed within 30 days of the November 13, 2020 deemed filing of the Amended Complaint, which is the first version of the Complaint containing a claim arising under a federal statute.

11. Pursuant to 28 U.S.C. § 1446(d), a Notice to Plaintiff of the Filing of Notice of Removal, attached hereto as **Exhibit E**, and a copy of this Notice of Removal are being served upon Kamran, through counsel, and filed with the Fairfax County Circuit Court clerk this 4th day of December, 2020.

12. This Court is located in the district within which the action is pending. 28 U.S.C. § 1441(a).

13. Defendants remove this case based on federal question jurisdiction. *See* 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a).

14. All defendants consent to removal of the State Action to this Court.

## JURISDICTION

15. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) because the Amended Complaint contains a claim arising under a federal statute.

---

[2] The detinue claim will, in connection with Sure Secure amending its counterclaims, be voluntarily dismissed, as Kamran returned Sure Secure's laptop after the detinue claim was filed, though not before deleting essentially all data off of it, likely giving rise to one or more new claims and/or a spoliation instruction at the appropriate time.

16. Specifically, Kamran, in Count V, alleges that he was retaliated against because he allegedly threatened to inform the Small Business Administration ("SBA") about his (incorrect) understanding of Sure Secure's ownership, an incorrect understanding that Kamran alleges would have resulted in Sure Secure losing its qualification to be awarded federal 8(a) set-aside contracts.

17. This Court has supplemental jurisdiction over the non-federal claims set forth in the Amended Complaint pursuant to 28 U.S.C. § 1367(a), as the non-federal claims in the Amended Complaint are related to the federal claim set forth in Count V of the Amended Complaint, such that that they form part of the same case or controversy, including, without limitation, because:

    (a) Kamran specifically incorporated all of the factual allegations and claims in the case into Count V, *see* Am. Comp. ¶ 131;

    (b) Kamran's breach of contract count set forth in Count I (i) is predicated upon a document specifically referencing the controverted issue of what percentage of Sure Secure's equity Kamran owns, including reference to Sure Secure potentially seeking approval from the SBA to increase Kamran's ownership percentage of Sure Secure's equity interest, and (ii) claims that Sure Secure breached the alleged contract by allegedly failing to distribute to Kamran his "true allocable share of profit," i.e., the share of profit that he would have received if he actually owned the percentage of Sure Secure he (incorrectly) thinks he owns, all of which relates to Kamran's allegation that he was terminated for threatening to inform the SBA of the (controverted) "true" percentage of Sure Secure's equity interest he allegedly owns;

    (c) Kamran, in Count II, alleges that Sure Secure breached a separate alleged "contract" (even though it is a bonus/gift, not a contract), and that the alleged breach "deprived Kamran of the economic ... benefits attendant to his true ownership" of Sure Secure's equity interest, which, again, relates to a factual issue underlying Count V (how much of Sure Secure's

4

equity interest Kamran owns, which Kamran alleges he threatened to reveal to the SBA, which, in turn, Kamran alleges, resulted in his firing in December, 2019);

(d) Kamran, in Count III, alleges that Defendants Ali and Hussain engaged in a conspiracy wherein they "falsely reported Kamran's (and their own) ownership to the SBA," again centering the claim around the factual issue underlying Count V (how much of Sure Secure's equity interest Kamran owns, which Kamran alleges he threatened to reveal to the SBA, which, in turn, Kamran alleges, resulted in his firing in December, 2019); and,

(e) Kamran, in Count IV, alleges that Sure Secure breached a Virginia wage statute in connection with his December, 2019 termination, which is the same December, 2019 termination that Kamran claims occurred in retaliation for his alleged threats to report to the SBA what he perceives to be Sure Secure's "true" ownership, thus threading through Count IV the ownership issue underlying Count V.

18. The counterclaims are related to the claims set forth in the Amended Complaint, including because the counterclaims arise from Kamran's improper conduct before and after his December, 2019 termination as a Sure Secure employee, and the counterclaims are part of the same controversy and case between and among the parties to the State Action.

19. Based on the foregoing, removal of the State Action to this Court is appropriate pursuant to 28 U.S.C. § 1441, *et seq*.

WHEREFORE, Defendants Sure Secure Solutions, LLC, Narjis B. Ali, and Mohsin Hussain hereby remove the Fairfax County Circuit Court action to this Court and respectfully request that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in the Fairfax County Circuit Court.

SURE SECURE SOLUTIONS, LLC
NARJIS B. ALI
MOHSIN HUSSAIN
by Counsel

_____
Stephen D. Charnoff (VSB No. 65329)
Emily K. Blake (VSB No. 90562)
REES BROOME, PC
1900 Gallows Rd., Suite 700
Tysons Corner, VA 22182
scharnoff@reesbroome.com
eblake@reesbroome.com
(703) 790-6233 (telephone)
(703) 852-1075 (facsimile)
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Fed. R. Civ. P. 5, a copy of this pleading was served by first-class mail, postage prepaid, this 4th day of December, 2020, with courtesy copies transmitted by e-mail, upon:

Declan Leonard, Esq.
David B. Deitch, Esq.
Amber Orr, Esq.
Berenzweig Leonard, LLP
8300 Greensboro Drive, Suite 1250
McLean, VA 22102
dleonard@berenzweiglaw.com
ddeitch@berenzweiglaw.com
aorr@berenzweiglaw.com
(703) 760-0402 (telephone)
(703) 462-8674 (facsimile)

_____
Stephen D. Charnoff (VSB No. 65329)
REES BROOME, PC
1900 Gallows Rd., Suite 700
Tysons Corner, VA 22182
scharnoff@reesbroome.com
(703) 790-6233 (telephone)
(703) 852-1075 (facsimile)
*Counsel for Defendants*